**No. 25-1747**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

DRISCOLL'S, INC.; DRISCOLL'S OF EUROPE B.V.,

*Plaintiffs-Appellants*,

v.

CALIFORNIA BERRY CULTIVARS, LLC; DOUGLAS SHAW,

*Defendants-Appellees*.

Appeal from the United States District Court for the Eastern District of California,
No. 2:19-cv-00493-TLN-CKD, Hon. Troy L. Nunley

**PLAINTIFFS-APPELLANTS' UNOPPOSED MOTION TO DEACTIVATE APPEAL UNTIL ENTRY OF FINAL JUDGMENT**

Plaintiffs-Appellants Driscoll's, Inc. and Driscoll's of Europe B.V. (collectively, "Driscoll's") respectfully move to deactivate the above-captioned appeal until the district court enters final judgment. Driscoll's requests that this appeal be deactivated because the district court does not appear to have entered a final appealable judgment that resolves all claims and counterclaims in the case. Although Driscoll's requested that the remaining counterclaims be dismissed without prejudice or judgment be entered pursuant to Federal Rule of Civil

Procedure 54(b) (Dkt.154[1]), the district court entered a "Judgment" on April 7, 2025, without ruling on those requests (Dkt.156). Driscoll's thus filed a notice of appeal as a protective measure in the event that the April 7 judgment were deemed to begin the time for appeal under Federal Rule of Appellate Procedure 4(a)(1)(A). Counsel for Defendants-Appellants California Berry Cultivars, LLC ("CBC") and Dr. Douglas Shaw have stated that they do not oppose the requested deactivation and will not file a response.

On March 26, 2025, the district court granted summary judgment of non-infringement in favor of defendants and against Driscoll's. Dkt.151 (unsealed at Dkt.155). That decision did not resolve all claims in the suit. CBC's and Dr. Shaw's counterclaims for invalidity remained—and still remain—pending. *See* Dkt.78; Dkt.79. The district court has since ordered briefing on dispositive motions regarding the counterclaims. Dkt.161.

The district court's summary judgment order also instructed the clerk of court "to enter judgment in Defendants' favor as to Plaintiff's claims." On April 7, 2025, the district court entered an order stating "IT IS ORDERED AND ADJUDGED THAT JUDGMENT IS HEREBY ENTERED IN ACCORDANCE WITH THE COURT'S ORDER FILED ON 4/7/2025." Dkt.156. Although the district court has

---

[1] Citations to "Dkt." refer to entries in the district court docket, *Driscoll's Inc. v. Cal. Berry Cultivars, LLC*, No. 2:19-cv-00493 (E.D. Cal.)

indicated its intention to address the remaining counterclaims, it has not vacated the entered judgment. Nor is there a clear indication that the district court intended to grant Driscoll's request (Dkt.154) for a judgment under Federal Rule of Civil Procedure 54(b). *See* Dkt.157. To preserve its appeal rights in the event the district court's April 7 judgment were deemed to start the clock under Federal Rule of Appellate Procedure 4(a)(1)(A), Driscoll's filed a notice of appeal. Dkt.162.

This Court has previously deactivated and stayed appeals pending entry of final judgment by a district court in similar circumstances. *E.g.*, *Askan v. Faro Techs., Inc.*, No. 22-2117 (Fed. Cir. Dec. 1, 2022), ECF 16 (deactivating appeal when counterclaims remained pending); *ViaTech Techs. Inc. v. Adobe Inc.*, No. 24-2235 (Fed. Cir. Oct. 28, 2024), ECF 13 (deactivating appeal when reconsideration motion remained pending). The Court should do so again here.

## CONCLUSION

The Court should deactivate this appeal pending the district court's entry of final judgment.

Dated:  May 16, 2025                    Respectfully submitted,

                                        /s/ Brian R. Matsui

MATTHEW A. CHIVVIS                BRIAN R. MATSUI
MORRISON & FOERSTER LLP           SETH W. LLOYD
425 Market Street                MORRISON & FOERSTER LLP
San Francisco, CA 94105          2100 L Street NW, Suite 900
                                 Washington, DC 20037
REBECCA WEIRES SETRAKIAN         Tel.:  (202) 887-8784
MORRISON & FOERSTER LLP          BMatsui@mofo.com
707 Wilshire Boulevard
Los Angeles, CA 90017

*Counsel for Driscoll's, Inc; Driscoll's of Europe B.V.*

## CERTIFICATE OF INTEREST

Counsel for Driscoll's, Inc. and Driscoll's of Europe B.V. certify under Federal Circuit Rule 47.4 that the following information is accurate and complete to the best of their knowledge:

1. **Represented Entities**. Provide the full names of all entities represented by the undersigned counsel in this case.

Driscoll's, Inc.
Driscoll's of Europe B.V.

2. **Real Parties in Interest.** Provide the full names of all real parties in interest for the entities. Do not list real parties if they are the same as the entities.

None.

3. **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

Driscoll's, Inc.: None
Driscoll's of Europe B.V.: Driscoll International Holding B.V.; Delight Global Holdings, Inc.; Driscoll International, Inc.; Driscoll's, Inc.

4. **Legal Representatives.** List all law firms, partners, or associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court.

MORRISON & FOERSTER LLP: Tait Karsten Anderson, Robin Lynn Brewer, Karl Marshall Johnston, Jennifer Luh, Elizabeth Ann Patterson,

5. **Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

None.

6.    **Organizational Victims and Bankruptcy Cases.**  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).

Not applicable.

Dated:  May 16, 2025                                    /s/ Brian R. Matsui

                                                             Brian R. Matsui

## CERTIFICATE OF COMPLIANCE

The foregoing filing complies with the relevant type-volume limitations and typeface and type style requirements of the Federal Rules of Appellate Procedure and Federal Circuit Rules because the filing has been prepared using a proportionally spaced typeface in 14-point Times New Roman font using Microsoft Word and includes 461 words, excluding the parts of the filing exempted by the Rules.

Dated:  May 16, 2025                                      /s/ Brian R. Matsui
                                                                        Brian R. Matsui

ny-2957195